# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 25, 2018

Lyle W. Cayce
Clerk

No. 17-30710
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES VAIL,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:17-CR-72-1

Before REAVLEY, GRAVES, and HO, Circuit Judges.

PER CURIAM:[*]

James Vail appeals his sentence arising from his conviction for receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A). He argues that the district court erred in imposing a two-level enhancement under U.S.S.G. § 2G2.2(b)(3)(F). Vail also challenges the substantive reasonableness of his 151-month sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30710

Generally, we review a criminal sentence for reasonableness. *Gall v. United States*, 552 U.S. 38, 46 (2007). We first determine whether the district court committed any procedural errors, and if the district court's decision is procedurally sound, we will "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard . . . tak[ing] into account the totality of the circumstances." *Id*. at 51.

Vail argues that the district court erred in applying the § 2G2.2(b)(3)(F) enhancement because there was no evidence that he knowingly or intentionally distributed child pornography. However, there was evidence that the file-sharing service Vail used to download child pornography provides alerts that material will be shared, and Vail did not disable the sharing capability in his settings. In any case, even if there were error, it would be harmless because the district court considered the correct guidelines range of imprisonment and stated that it would impose the same 151-month sentence even if that range applied. *See United States v. Richardson*, 676 F.3d 491, 511 (5th Cir. 2012).

In addition, Vail argues that the district court imposed a substantively unreasonable sentence when it declined his request for a downward variance. He urges that the district court placed too much emphasis on the supposition that Vail posed a future threat as a pedophile. Vail further contends that the district court ignored his intellectual and adaptive deficits and relied upon outdated guideline enhancements when sentencing him.

The record confirms that the district court considered Vail's arguments and made an individualized assessment of the 18 U.S.C. § 3553 sentencing factors. It found that the quantity of pornographic images and his diagnosis as a pedophile merited the 151-month sentence. The district court also found that Vail's IQ, although low, remained in the normal range. It conceded that

No. 17-30710

there was no evidence that Vail had ever touched children but nevertheless found, based on the psychological report and the images discovered in his possession, that Vail posed a future threat against society.  Vail has not shown that his sentence is greater than necessary to meet the goals of § 3553(a), and, thus, the district court did not abuse its discretion.  *See* § 3553(a); *Gall*, 552 U.S.at 49-50 & n.6, 51.

AFFIRMED.